## UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11405 PBS

| | |
|---|---|
| Crisanto Mendonca )<br>    Plaintiff )<br> )<br>Vs. )<br> )<br>Commonwealth of Massachusetts )<br>Supreme Judicial Court and )<br>State Commonwealth of )<br>Massachusetts )<br>    Defendants )<br> ) | MOTION WITH SUPPORT PROVISIONS OF LAWS AND FACTS FOR RULINGS JUDGMENT |

Now comes plaintiff respectfully request this Honorable Court rulings judgment against the State Commonwealth of Massachusetts in the amount of Three Million Dollars from the Commonwealth of Massachusetts State Courts discrimination, plus legal fee and granted Crisanto Mendonca's Civil Rights Act of 1866, declared to granted all persons equal protection of the laws in matters of contracts, lawsuits, be parties, give evidence, trials. The Commonwealth of

2

Massachusetts Supreme Judicial Court has jurisdiction pursuant to M. G. L. c. 211 section 3, superintendence of inferior courts; power to issue writs and process, denied a petition and denied a application. The Commonwealth of Massachusetts Superior Court has jurisdiction pursuant to M. G. L. c. 212 section 4, original jurisdiction, denied a motion. Statutes: M. G. L. c. 233 section 79G. Medical and hospital services; evidence: In any proceeding commenced in any court, commission or agency, an itemized bill and reports, including hospital medical records, relating to medical, dental, hospital services, prescriptions, or orthopedic appliances rendered to or prescribed for a person injured, or any report of any examination of said injured person, including, but not limited to hospital medical records subscribed and sworn to under the penalties of perjury by the physician, dentist, authorized agent of a hospital or health maintenance organization rendering such services or by the pharmacist or retailer of orthopedic appliances, shall be admissible as evidence of the fair and reasonable charge for such services or the necessity of such services or treatments, the diagnosis of said physician or dentist, the prognosis of such

3

physician or dentist, the opinion of such physician or dentist as to proximate cause of the condition so diagnosed, the opinion of such physician or dentist as to disability or incapacity, if any, proximately resulting from the condition so diagnosed; provided, however, that written notice of the intention to offer such bill or report as such evidence, together with a copy thereof, has been given to the opposing party or parties, or to his or their attorneys, by mailing the same by certified mail, return receipt requested, not less than ten days before the introduction of same into evidence, and that an affidavit of such notice and the return receipt is filed with the clerk of the court, agency or commission forthwith after said receipt has been returned. Nothing contained in this section shall be construed to limit the right of any party to the action to summon, at his own expense, such physician, dentist, pharmacist, retailer of orthopedic appliances or agent of such hospital or health maintenance organization or the records of such hospital or health maintenance organization for the purpose of cross examination with respect to such bill, record and report or to rebut the contents thereof, or for any other purpose, nor to limit the right of any party to the action or proceeding to summon any other person to testify in

4

respect to such bill, record or report or for any other purpose. The words " physician " and " dentist " shall not include any person who is not licensed to practice as such under the laws of the jurisdiction within which such services were rendered, but shall include chiropodists, chiropractors, optometrists, osteopaths, physical therapists, podiatrists, psychologists and other medical personnel licensed to practice under the laws of the jurisdiction within which such services were rendered. The word " hospital" shall mean any hospital required to keep records under section seventy of chapter one hundred and eleven, or which is in any way licensed or regulated by the laws of any other state, or by the laws and regulations of the United States of America, including hospitals of the Veterans Administration or similar type institutions, whether incorporated or not. The words " health maintenance organization " shall have the same meaning as defined in section one of chapter one hundred and seventy-six G.

## STATEMENT OF THE FACTS.

June 3, 2004 Commonwealth of Massachusetts Supreme Judicial Court denied petition to reconsider denied application for further appellate review appendix (A) see attached (pg. 10). May 3, 2004 Commonwealth of Massachusetts Supreme Judicial Court denied application for further appellate review appendix (B) see attached (pg. 11). March 10, 2004 Commonwealth of Massachusetts Appeals Court Panel memorandum and order pursuant to rule 1:28 judgment affirmed appendix (C) see attached (pg. 12). March 29, 1999 Commonwealth of Massachusetts Appeals Court Panel memorandum and order under rule 1:28 judgment affirmed appendix (D) see attached (pg. 13). October 23, 2002 Commonwealth of Massachusetts Superior Court Judge Gants denied motion with support to reinstate for jurisdiction on the evidence to this case appendix (E) see attached (pg. 14). July 30, 1997 Commonwealth of Massachusetts Superior Court Judge Sosman stated, the credibility and reliability of that evidence is for the jury to determine I will not issue any directed verdict, do you anticipate any rebuttal witnesses Mr. Fischer ? Mr. Fischer no your

6

honor. Commonwealth of Massachusetts Superior Court Judge Sosman okay then we will deal with the exhibits appendix (F) see attached (pg. 15). July 30, 1997 Commonwealth of Massachusetts Superior Court special jury verdict: 1. Was defendant Joseph Medeiros negligent? **YES** ; 2. If your answer to question. 1 is YES, was the negligence of defendant a proximate cause of injury to plaintiff Crisanto Mendona ? NO appendix (G) see attached (pg. 16). May 15, 1992 plaintiff Crisanto Mendonca had stopped his motor vehicle 1987 Plymouth Horizon Plate #682 VEW at red light behind large 1991 Ford Cover Truck Plate #A77654, on Prospect Street in Cambridge Massachusetts, defendant Joseph Medeiros was employee with James Kilduff Inc., stopped his truck due to red traffic light, in reverse in the course of backing up struck plaintiff's motor vehicle, **plaintiff hit head** on the windshield of his motor vehicle. Plaintiff remain under the medical care of Spaulding Rehabilitation Hospital diagnosis Crisanto Mendonca suffered traumatic Brain injury in motor vehicle accident on May 15, 1992 signed Elaine Woo medical Doctor appendix (H) see attached (pg. 17). Plaintiff remain under the medical care of Massachusetts General Hospital diagnosis Crisanto Mendonca suffered

Brain damage in an automobile accident in 1992 signed Robert Larger medical Doctor appendix (I) see attached (pg. 18). June 21, 2004 plaintiff served copies of the a completed summon, civil cover sheet, civil category, and plaintiff's complaint, upon State Commonwealth of Massachusetts Attorney General Office, One Ashburton Place, Boston, MA 02108 and Commonwealth of Massachusetts Supreme Judicial Court, One Beacon Street 3 floor Boston, MA 02108, by certified mail postage prepaid return receipt appendix (J) see attached (pg. 19).

## ARGUMENT.

The Commonwealth of Massachusetts Supreme Judicial Court discriminated Crisanto Mendonca's Civil Rights Act of 1866, appendix (A) denied, petition to reconsider, appendix (B) denied, application for further appellate review from the Commonwealth of Massachusetts Appeals Court appendix (C) Panel memorandum and order pursuant to rule 1:28, judgment, affirmed the Commonwealth of Massachusetts Superior Court appendix (E) Judge Gants

8

denied, motion with support to reinstate for jurisdiction on the evidence to this case contrary with the provisions of M. G. L. c. 212 section 4, original jurisdiction and the appendix (D) the Commonwealth of Massachusetts Appeals Court Panel memorandum and order under rule 1:28, judgment, affirmed the Commonwealth of Massachusetts Superior Court appendix (F) Judge Sosman okay then deal with the exhibits inappropriate with the provisions of M.G. L. c. 233 section 79G, medical records appendix (H) medical Doctor Elaine Woo and medical records appendix (I) medical Doctor Robert Larger, under the State Laws of Massachusetts, relevant with the motor vehicle accident on May 15, 1992 which the Commonwealth of Massachusetts Superior Court special jury verdict was found Joseph Medeiros negligent on question number 1 appendix (G). The defendants received the completed summon and complaint on June 22, 2004 and June 23, 2004 appendix (J) pursuant to F. R. C. P. Rule 12 (1) (A) the defendants had twenty days after being served the completed summon and complaint, to filed the answer in this Court clerk's office and served the plaintiff a copy, plaintiff did not received any answer from the defendants.

9

## CONCLUSION.

Plaintiff desire this Honorable Court rulings judgment against the State Commonwealth of Massachusetts in the amount of Three Million Dollars from the Commonwealth of Massachusetts State Courts discrimination, plus legal fee and granted Crisanto Mendonca's Civil Rights Act of 1866, to proceedings the medical records under the State Laws of Massachusetts, relevant with the motor vehicle accident on May 15, 1992 which the Commonwealth of Massachusetts Superior Court special jury verdict was found Joseph Medeiros negligent.

Respectfully Submitted,

_Crisanto Mendonca_
Crisanto Mendonca
P. O. Box 390944
Cambridge, MA 02139

Dated: July 19, 2004.